**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **INTERNET MEDIA INTERACTIVE CORP.,** | **Case No.:** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **W. W. GRAINGER, INC.,** | |
| **Defendant.** | |

<u>**COMPLAINT FOR PATENT INFRINGEMENT**</u>

Plaintiff Internet Media Interactive Corp. ("IMIC" or "Plaintiff") complains of Defendant W. W. Grainger, Inc. ("Grainger" or "Defendant") as follows:

**NATURE OF LAWSUIT**

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

2.      Plaintiff Internet Media Interactive Corp. is a Delaware corporation with its principal place of business at 113 Barksdale Professional Center, Newark, Delaware 19711.

3.      IMIC is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,049,835, entitled "System For Providing Easy Access To The World Wide Web Utilizing A Published List Of Preselected Internet Locations Together With Their Unique Multi-Digit Jump Codes," which issued on April 11, 2000 ("the '835 Patent") (a true and correct copy is attached as Exhibit A).

4.      IMIC has the exclusive right to license and enforce the '835 Patent and to collect all damages for infringement. IMIC also has standing to sue for infringement of the '835 Patent.

5.     Upon information and belief, Defendant Grainger is an Illinois corporation with its principal place of business at 100 Grainger Parkway, Lake Forest, Illinois 60045.

6.     Upon information and belief, Defendant Grainger owns, provides and operates the website www.grainger.com and related URLs and also distributes advertisements instructing recipients to enter a code.

7.     Defendant Grainger operates the account "@grainger" on Twitter, found at https://twitter.com/grainger.

## JURISDICTION AND VENUE

8.     Plaintiff IMIC's claim for patent infringement against Defendant Grainger arises under the patent laws of the United States including 35 U.S.C. §§ 271 and 281. Consequently, this Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     Defendant Grainger is subject to the specific personal jurisdiction of the Court because it is an Illinois corporation with its headquarters in Illinois.

10.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).

## INFRINGEMENT OF UNITED STATES PATENT NO. 6,049,835

11.    Defendant Grainger directly infringes the '835 Patent at least through its unauthorized use of the method of claim 11 for providing automatic access to preselected locations on the Internet.

12.    Defendant Grainger publishes a compilation of ads on Twitter, also known as "Tweets," with shortened links that contain multi-digit jump codes.

13.    Each shortened link corresponds to a preselected internet location selected by Defendant Grainger.

14.     Upon information and belief, Defendant Grainger uses a link shortening service, such as, for example, Bit.ly, to create shortened links which contain multi-digit jump codes.

15.     Each shortened link with a multi-digit jump code contains a predetermined internet location, *e.g.*, bit.ly.

16.     The link shortening service receives the jump code once a user clicks the shortened link in the tweet.

17.     The link shortening service converts the jump code to a URL address corresponding to different websites.

18.     Thereafter, the link shortening service automatically accesses said websites.

19.     Defendant Grainger has directly infringed and continues to directly infringe at least Claim 11 of the '835 Patent because Defendant Grainger receives a benefit upon performance of the steps of the patented method, and establishes the manner or timing of that performance.

20.     Defendant Grainger has had knowledge of the '835 Patent since at least as of the filing date of this Complaint.

21.     The acts of infringement of the '835 Patent by Defendant Grainger have injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement from Defendant Grainger, but, in no event less than a reasonable royalty.

22.     In the event Defendant Grainger continues its infringing activities, despite knowing that there was at least an objectively high likelihood that its actions constituted infringement of the '835 Patent, this case will be, therefore, beyond the norm and, hence, subject to discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

23. In the event Defendant Grainger continues its infringing activities after the filing of this Complaint and, thus, with knowledge that there is at least an objectively high likelihood that its actions constitute infringement of the '835 Patent, this case will be, therefore, beyond the norm and subject to discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Internet Media Interactive Corp. respectfully requests that this Court enter judgment against the Defendant W. W. Grainger, Inc. and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Defendant;

B. An award of damages against Defendant adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284, together with prejudgment interest from the date infringement began; and

C. Such other relief that Plaintiff is entitled to under law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.


Dated: September 9, 2016     Respectfully submitted,

                 */s/ Timothy J. Haller*
                 Timothy J. Haller
                 HALLER LAW PLLC
                 The Monadnock Building
                 53 West Jackson Boulevard, Suite 1623
                 Chicago, IL 60604
                 Phone: (630) 336-4283

haller@haller-iplaw.com

Gabriel I. Opatken
NOBLE IP LLC
418 North Noble Street, Suite 4
Chicago, IL 60642
Phone: (773) 648-5433
gabriel@nobleipllc.com

***Attorneys for Plaintiff,***
***Internet Media Interactive Corp.***